# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 8, 2019

156332

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

MICHAEL TALLY HOLMES,
        Defendant-Appellant.

SC: 156332
COA: 337417
Wayne CC: 14-011187-FC

_____/

By order of July 3, 2018, the application for leave to appeal the July 6, 2017 order of the Court of Appeals was held in abeyance pending the decision in *People v Straughter* (Docket No. 156198). On order of the Court, leave to appeal having been denied in *Straughter* on July 19, 2019, 504 Mich 930 (2019), the application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the February 9, 2017 order of the Wayne Circuit Court denying the defendant's motion for relief from judgment, and we REMAND this case to the trial court for reconsideration of that motion. The trial court's stated basis for denying the motion was that "Defendant has failed to demonstrate good cause and actual prejudice under MCR 6.508(D). Furthermore, defendant's claims have no merit." However, the order failed to "include a concise statement of the reasons for the denial," as required by MCR 6.504(B)(2).

We do not retain jurisdiction.

MARKMAN, J. (*dissenting*).

For the reasons stated in my dissent in *People v Finnie*, ___ Mich ___, ___; 933 NW2d 43, 43 (2019) (Docket No. 159192) (MARKMAN, J., dissenting), I respectfully dissent from this Court's order vacating the judgment of the trial court and remanding for reconsideration of Holmes's motion for relief from judgment. I offer two further observations. First, unlike in *Finnie*, the trial court below specifically cited the rule governing Holmes's motion and further identified the threshold showings for entitlement to relief that Holmes failed to satisfy. Thus, today's order almost certainly suggests the invalidity of a far greater number of trial court orders denying motions for relief from judgment than did our order in *Finnie*. Any perusal of the applications for leave to appeal filed in this Court should make this clear. Second, the majority continues to eschew providing any guidance regarding what satisfies the "concise statement of the reasons for the denial" requirement in MCR 6.504(B)(2). If, for example, the court on remand provides a citation to a published case from the Court of Appeals that forecloses

Holmes's argument, would this be sufficient? We do not know because our order summarily cites a court rule without more, thus setting forth no greater "reasoning" than does the trial court in its order. Const 1963, art 6, § 6 requires this Court to supply a "concise statement of the facts and *reasons*," just as MCR 6.504(B)(2) requires trial courts to supply a "concise statement of the *reasons* for the denial." And in failing to supply greater guidance to trial courts across this state that review thousands of motions for relief from judgment each year, the majority continues to hold trial courts to a higher standard than that to which we hold ourselves by giving distinctive meanings to "reason[ing]" in similar contexts. Exactly as the "analysis" of this Court's order communicates: (1) the court rule governing the obligation of the trial court, (2) the standard required to be satisfied by the trial court, and (3) the conclusion that such standard was not satisfied, the trial court's order communicates: (1) the court rule governing Holmes's motion, (2) the standard required to be satisfied by Holmes, and (3) the conclusion that such standard was not satisfied. I would deny leave to appeal.

ZAHRA, J., joins the statement of MARKMAN, J.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 8, 2019

Clerk